## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY<br>910 17th Street, N.W., 7th Floor<br>Washington, DC 20006-2606,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600,<br><br>and<br><br>OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street, N.W.<br>Washington, DC 20503,<br><br>  Defendants. | Civil Action No. 19-3265 (CKK) |

### PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff, Center for Public Integrity, respectfully moves this Court to issue a preliminary injunction enjoining Defendants, the U.S. Department of Defense ("DoD") and the Office of Management and Budget ("OMB"), from unlawfully impeding Public Integrity's access to records that must be made available under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Public Integrity seeks injunctive relief ordering Defendants to provide Public Integrity with determinations on its FOIA requests and to process those requests and produce non-exempt, responsive records on an expedited basis. Public Integrity asks the Court to order that Defendants produce all non-exempt, responsive portions of records responsive to Public Integrity's requests by December 12, 2019, or by such date as the Court deems appropriate.

Public Integrity's requests seek records concerning and related to DoD's Ukraine

Security Assistance Initiative. From July to September 2019, President Trump and the Trump administration withheld payments under this program that had been appropriated by Congress, allegedly in order to pressure the government of Ukraine to open an investigation into a political opponent of the president. The subject matter of Public Integrity's requests is central to the impeachment inquiry the U.S. House of Representatives has initiated to investigate the merits of the president's impeachment and removal from office. The records requested will allow Public Integrity to inform the public about matters of immense public importance, and further delay by Defendants in complying with their statutory obligations will irreparably harm Public Integrity and the public.

The grounds for this motion are set forth in the accompanying Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction. Pursuant to Local Rule 65.1(d), Public Integrity asks that the Court schedule a hearing on this motion at the Court's earliest convenience.

Respectfully submitted,

/S/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY<br>910 17th Street, N.W., 7th Floor<br>Washington, DC 20006-2606,<br><br>　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600,<br><br>and<br><br>OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street, N.W.<br>Washington, DC 20503,<br><br>　　Defendants. | Civil Action No. 19-3265 (CKK) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR A PRELIMINARY INJUNCTION

## INTRODUCTION

For fiscal year 2019, Congress appropriated $250 million for the Ukraine Security Assistance Initiative. Although the Department of Defense ("DoD") had determined that Ukraine met all conditions for receiving aid from this program, in July 2019 the Office of Management and Budget ("OMB") placed a hold on these funds, reportedly at the direction of President Trump. OMB released these funds in September 2019, after the hold became the subject of public and political controversy.[1]

---

[1] These facts have been widely reported (see, e.g., Joe Gould and Howard Altman, "Here's what you need to know about the US aid package to Ukraine that Trump delayed," *Defense News*, https://www.defensenews.com/congress/2019/09/25/what-you-need-to-know-about-the-us-aid-package-to-ukraine-that-trump-delayed/ (Sept. 25,2019); Ellen Mitchell, "Democrats want answers from Pentagon chief on withheld

The House of Representatives is now engaged in an impeachment inquiry against President Trump. Central to this inquiry are allegations that the president withheld the military aid in order to pressure the government of Ukraine to open an investigation into a political opponent of the president in order to gain an electoral advantage. House leaders have indicated that the inquiry will conclude relatively soon, perhaps by December 2019. Senate Majority Leader Mitch McConnell has likewise said that, according to Senate rules, any impeachment trial would begin promptly after a vote by the House to impeach.[2]

The records requested by Plaintiff, the Center for Public Integrity, would shed light on the allegations against the president. Public Integrity, an award-winning nonprofit investigative news organization, therefore has an urgent need for these records in order to inform the public about the truth of these allegations and about their details.

## BACKGROUND

On September 25, 2019, Plaintiff submitted a FOIA request to two offices within DoD, requesting all records of communications concerning the Ukraine Security Assistance Initiative, between the DoD's comptroller's office and OMB or between the comptroller's office and

---

Ukraine aid," *The Hill*, https://thehill.com/policy/defense/467997-democrats-want-answers-from-pentagon-chief-on-withheld-ukraine-aid (Oct. 29, 2019); Paul M. Krawzak, "How the OMB used its powers to delay Ukraine aid," *Roll Call*, https://www.rollcall.com/news/how-the-omb-used-its-powers-to-delay-ukraine-aid (Oct. 29, 2019)) and have been confirmed by testimony to congressional committees (e.g., Opening Statement of Catherine M. Croft, reproduced at https://www.courthousenews.com/wp-content/uploads/2019/10/Catherine-Croft-Remarks.pdf ("[A]n OMB representative reported that the White House Chief of Staff, Mick Mulvaney, had placed an informal hold on security assistance to Ukraine. The only reason given was that the order came at the direction of the President."))

[2] House Speaker Nancy Pelosi announced the impeachment inquiry on Sept. 24, 2019 (see Press Release, https://www.speaker.gov/newsroom/92419-0), and the House ratified the ongoing inquiry on Oct. 31, 2019, adopting H.Res. 660, titled "Directing certain committees to continue their ongoing investigations as part of the existing House of Representatives inquiry into whether sufficient grounds exist for the House of Representatives to exercise its Constitutional power to impeach Donald John Trump, President of the United States of America, and for other purposes." Susan Cornwell, David Morgan, Mark Hosenball, and Jonathan Landay, "Democrats set December impeachment target, but obstacles abound," *Reuters*, https://www.reuters.com/article/us-usa-trump-whistleblower-timing/democrats-set-december-impeachment-target-but-obstacles-abound-idUSKBN1X22JG, Oct. 23, 2019. Li Zhou, "McConnell: If the House impeaches, the Senate has 'no choice' but to take it up," *Vox*, https://www.vox.com/2019/9/30/20891463/senate-rules-mitch-mcconnell-impeachment-donald-trump (Sept. 30, 2019).

DoD's secretary or deputy secretary. On September 30, 2019, Plaintiff submitted a similar request to OMB, for all records of communications concerning the Ukraine Security Assistance Initiative, between OMB and the DoD's comptroller's office. Each request asked for expedited processing. Copies of the two FOIA requests were filed with the Complaint as Exhibits A and B.

Each agency has confirmed that it received Plaintiff's request. Although each agency is required to make a determination on a request for expedited processing within 10 calendar days, neither DoD nor OMB has communicated such a determination to Plaintiff, despite Plaintiff's requests to their FOIA offices by telephone. Likewise, neither agency has communicated a determination on either of Plaintiff's FOIA requests, nor produced responsive records to Plaintiff.

## ARGUMENT

**I.      THIS COURT HAS JURISDICTION TO GRANT THE REQUESTED RELIEF.**

The FOIA statute itself gives jurisdiction for this Court to consider this matter and grant all necessary injunctive relief. It provides:

> On complaint, the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo ….

5 U.S.C. § 552(a)(4)(B). In addition, because more than 20 business days have passed since Public Integrity submitted its requests and the agencies have failed to respond, applicable administrative remedies are considered to have been exhausted. See 5 U.S.C. § 552(a)(6)(C)(i) and Oglesby v. Dep't of the Army, 920 F.2d 57, 62 (D.C. Cir. 1990) (holding that a requester may bring suit if an agency fails to comply with statutory time limits).

**II.     PUBLIC INTEGRITY IS ENTITLED TO A PRELIMINARY INJUNCTION.**

In considering a plaintiff's request for injunctive relief, a court must weigh four factors: (1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury absent injunctive relief; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest. *Al-Fayed v. CIA*, 254 F.3d 300, 303 (D.C. Cir. 2001); *Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317–18 (D.C. Cir. 1998). Application of these four factors requires a grant of preliminary injunctive relief to Public Integrity.

A district court very recently granted a preliminary injunction in a case with very similar facts. In *American Oversight v. U.S. Department of State*, No. 19-02934 (D.D.C., Oct. 25, 2019), the plaintiff is seeking communications by and to President Trump's personal lawyer Rudolph Giuliani and other records related to the recall of former U.S. Ambassador to Ukraine Marie Yovanovich. These records are, like those in the instant case, highly relevant to the impeachment inquiry already underway. The court ordered expedited processing and production of a narrowed set of records.

**A.     Public Integrity Is Likely to Succeed on the Merits.**

Public Integrity is entitled under the law to a prompt determination on its FOIA requests and the timely processing and production of non-exempt responsive records. FOIA clearly and unambiguously provides that, in response to a proper request that "reasonably describes" the records that are sought, federal agencies must make them available within 20 working days. 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A)(i). Public Integrity is also entitled by law to a determination on its requests for expedited processing within 10 calendar days, as well as expedited processing of its requests once granted. *Id.* § 552(a)(6)(E). Public Integrity has

complied with all necessary procedures (see Complaint, at ¶¶ 7-16) and is therefore highly likely to establish its entitlement to production of records.

Public Integrity is also entitled to expedited processing of its requests, because there is a compelling need for the information requested. 5 U.S.C. § 552(a)(6)(E)(v)(II). Public Integrity is primarily engaged in disseminating information to the public. On this matter, there is an urgent need to inform the public so that they can communicate their opinions and wishes to their elected representatives before the current impeachment inquiry is concluded. Courts have found that expedited processing is warranted, even to inform the public on matters far less momentous and urgent than the possible impeachment of a president. *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 260 (D.D.C. 2005) held that the plaintiff was entitled to expedited processing in order to inform the public about a program that would expire more than a year later unless reauthorized by Congress. *Washington Post v. Department of Homeland Security*, 459 F. Supp. 2d 61 (D.D.C. 2006) likewise found that "due to the impending election [in November 2006], a likelihood for irreparable harm exists if the plaintiff's FOIA request does not receive expedited treatment."

**B.     Public Integrity Will Be Irreparably Harmed Without the Requested Relief.**

The value of the requested records resides primarily in their ability to provide an understanding of a central aspect of the current impeachment inquiry. If the Defendants are allowed to delay their responses until after the impeachment inquiry and any impeachment proceedings are concluded, the records will be of only historical interest. As the D.C. Circuit has held, "stale information is of little value." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

### C. The Requested Relief Will Not Burden Others' Interests.

Defendants cannot claim that complying with their statutory obligations will cause them harm. And, while it is possible that expedited processing for Public Integrity's requests might slightly delay the processing of other requests, the statute clearly envisages that this result is justified when, as here, there is "a compelling need …." 5 U.S.C § 552(a)(6)(E)(v)(I); see also *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30 (D.D.C. 2006).

### D. The Public Interest Is Served by Granting the Requested Relief.

As already touched upon, the public has an urgent need for information that will assist in judging the merits of the current impeachment inquiry. The Supreme Court has recognized that "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). There will perhaps never be a greater need to get information before the public than at a moment such as now, when the Congress is considering the possibility of impeaching the president.

Indeed, the central issue in the impeachment inquiry is whether there was a quid pro quo involving the release of security assistance funds in exchange for Ukraine's agreement to investigate the president's political rival. The documents requested by Public Integrity go to the heart of this issue and are likely to shed considerable light on what occurred. Withholding such crucial documents without legal basis would do grave harm to the public's ability to properly judge the validity of the allegations against the president and would undermine the very purpose for which FOIA was enacted.

## **CONCLUSION**

For the foregoing reasons, Public Integrity asks the Court to order that Defendants produce all non-exempt, responsive portions of records responsive to Public Integrity's requests by December 12, 2019, or by such date as the Court deems appropriate.

Respectfully submitted,

/S/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2019, I caused a copy of the foregoing Plaintiff's

Motion for a Preliminary Injunction to be hand-delivered to:

U.S. Attorney for the District of Columbia
501 3rd Street, N.W., 4th Floor
Washington, D.C.

In addition, copies have been mailed by certified first-class mail to:

U.S. Department of Defense
1600 Pentagon 3E788
Washington, DC 20301-1600

Office of Management and Budget
725 17th Street, N.W.
Washington, DC 20503

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

/S/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff