## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY | |
| Plaintiff, | |
| v. | Civil Action No. 19-3265 (CKK) |
| U.S. DEPARTMENT OF DEFENSE | |
| and | |
| OFFICE OF MANAGEMENT AND BUDGET | |
| Defendants. | |

### PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION

Plaintiff, Center for Public Integrity, respectfully moves this Court to enforce the Preliminary Injunction it granted November 25 by conducting an expedited in camera review of Defendants' redactions or, in the alternative, ordering Defendants to release the information they withheld from their production of December 12 under FOIA Exemption 5.

Defendants have communicated that they oppose this motion. They take the position that they have complied with the preliminary injunction and that challenges to their redactions should be litigated at summary judgment.

The grounds for this motion are set forth in the accompanying Memorandum in Support of Plaintiff's Motion to Enforce Preliminary Injunction.

Respectfully submitted,

_____/S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY | &#124; |
| Plaintiff, | &#124; |
| v. | &#124;  Civil Action No. 19-3265 (CKK) |
| U.S. DEPARTMENT OF DEFENSE | &#124; |
| and | &#124; |
| OFFICE OF MANAGEMENT AND BUDGET | &#124; |
| Defendants. | &#124; |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**TO ENFORCE PRELIMINARY INJUNCTION**

**INTRODUCTION**

In this Freedom of Information Act case, the Court granted a preliminary injunction on November 25, 2019, requiring Defendants, U.S. Department of Defense and Office of Management and Budget, to "process at least 106 pages of responsive records by December 12, 2019 and release the non-exempt documents to Plaintiff by December 12, 2019." Because Defendants' estimate of the volume of responsive documents increased to 292 pages, Defendants produced half, or 146 pages, on December 12. *See* Determination Letter, filed as an Exhibit.

In the emails that Defendants have produced, they have redacted the overwhelming substance of the communications, asserting FOIA Exemption 5 (protecting privileged communications). However, examination of the redacted records strongly suggests that in a significant number of instances Exemption 5 does not apply.

This is not a case of federal agencies asserting an aggressive, good-faith interpretation of the Freedom of Information Act. In multiple instances, the redacted material appears on its face to be factual information, rather than deliberative material that would qualify for Exemption 5 protection.  Defendants' production makes a mockery of this Court's preliminary injunction order, the FOIA statute and the American people's right to be informed of what their government officials are doing and why they are doing it.  Rather than comply with this Court's order requiring expedited production of a limited set of documents in connection with a matter of great national importance, Defendants have instead created the façade of compliance while, in reality, turning over little of substance.

For this reason, Plaintiff asks the Court to conduct an expedited review Defendants' application of Exemption 5 and order production of the information withheld under that exemption.

## ARGUMENT

**I.   EXEMPTION 5**

Exemption 5 of the Freedom of Information Act protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C § 552(b)(5). Throughout its production, Defendants assert that they have withheld "privileged communications" pursuant to Exemption 5. Their determination letter does not specify what privilege or privileges they are asserting, but the deliberative process privilege would seem to be the only one that could conceivably justify any of the redactions they have made under Exemption 5. Material withheld under this privilege must

be "both predecisonal and deliberative." *Wolfe v. Dep't of Health & Human Services*, 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc) (citing *EPA v. Mink*, 410 U.S. 73 (1973)).

The following table lists the redactions Defendants have made citing Exemption 5:

| Page | Quote or description |
|---|---|
| 1 | "We have a request from the Hill (HAC-D) for the apportionment that shows the release on the Ukraine funding hold.<br>Our planned response is to provide the attached, which shows:<br>[(b)(5)] Thanks." |
| 92-94 | (Email circulated 8/28 Politico article. Substance of all replies is redacted.) |
| 95-101 | "As discussed, attached info on the process/timeline for USAI execution. Please keep close hold and advise of any questions. Thanks!"<br>[The attachment, at pp. 96-101, has substantial (b)(5) redactions.] |
| 102-03 | "Seems like we continue to talk (email) past each other a bit. We should probably have a call."<br>(Substance of the email this replies to is entirely redacted under (b)(5).) |
| 105 | (Substance of this email is entirely redacted under (b)(5).) |
| 106-08 | (Substance of this email is almost entirely redacted under (b)(5), except: )<br>"See responses from the experts below.<br>…<br>Thank you Elaine. This very much helps me get my arms around this. A couple of follow-up questions:<br>[(b)(5)]<br>I am sorry to drag this into the weeds, but it help me to communicate the challenges within my sphere here.<br>Thank you!<br>FROM THE DOCUMENT:<br>[(b)(5)]<br>…<br>Attached info on the USAI execution. Number 5 has the general info on the steps – [(b)(5)]" |
| 109-11<br>112-14 | (Substance of these emails is almost entirely redacted under (b)(5), except: )<br>"Hey I think we kinda answered this. [(b)(5)]<br>…<br>Thank you Elaine. This very much helps me get my arms around this. A couple of follow-up questions:<br>[(b)(5)]<br>I am sorry to drag this into the weeds, but it help me to communicate the challenges within my sphere here.<br>Thank you!<br>FROM THE DOCUMENT:<br>[(b)(5)]<br>… |

|        | |
|--------|-----------------------------------------------------------------------------|
|        | Attached info on the USAI execution. Number 5 has the general info on the steps – [(b)(5)]" |
| 115-18 | (Substance of this email is almost entirely redacted under (b)(5), except: ) <br> "Thanks, Elaine, and the experts. <br> Additional follow-up questions I was asked to look into for deliberative purposes: <br> [(b)(5)] <br> … <br> "See responses from the experts below. <br> … <br> Thank you Elaine. This very much helps me get my arms around this. A couple of follow-up questions: <br> [(b)(5)] <br> I am sorry to drag this into the weeds, but it help me to communicate the challenges within my sphere here. <br> Thank you! <br> FROM THE DOCUMENT: <br> [(b)(5)] <br> … <br> Attached info on the USAI execution. Number 5 has the general info on the steps – [(b)(5)]" <br> (Attachment at pp. 117-18 with paragraphs numbered 1 through 5 is almost entirely redacted under (b)(5).) |
| 119    | "Here is the answer to your two quick questions for tomorrow's Big 4 breakfast with the authorizers: <br> 1) Projection for USAI obligations by year end? <br> [(b)(5)] <br> 2) Section 284 border barrier obligation status? <br> [(b)(5)]" |
| 128-30 | (Email subject line references 8/28 Politico article. Substance of all replies is redacted.) |
| 131    | (Substance of this email is almost entirely redacted under (b)(5).) |
| 132 <br> 134-35 | Attached is a list of planned USAI procurement, which was submitted to Congress in march (Tranche 1) and Mary (Tranche 2). <br> Hope this is helpful! <br> … <br> [(b)(5)] <br> Anything you can provide tonight would be especially helpful." |
| 133    | (Substance of this email is almost entirely redacted under (b)(5).) |
| 136    | "FYI, you may know this, [(b)(5)] No additional intel yet. Will advise." |
| 137    | (Reply is almost entirely redacted under (b)(5).) <br> "FYI, you may know this, [(b)(5)] No additional intel yet. Will advise." |
| 139    | (Substance of this email is entirely redacted under (b)(5).) |
| 140-46 | "Thanks Elaine. I understand, and thank you for the continued dialogue on this topic. <br> [(b)(5)] <br> … |

|  | Understand the technical legalities and definitions.<br>[(b)(5)]<br>We will have another case timeline coming to you today.<br>…<br>Mike/Elaine,<br>[(b)(5)]<br>Thanks,<br>…<br>Copy. To be clear, in this case, [(b)(5)]<br>…<br>Saw that. Thanks for the reminder. [(b)(5)]<br>…<br>Reminder, per the notes with the slide/table, the funds go into the system today to initiate transactions and obligate.<br>…<br>Elaine – closing the loop on this, OMB OGC determined [(b)(5)]<br>…<br>I should probably confirm that since this is on everyone's radar. Will try to do so today.<br>…<br>Copy<br>…<br>[(b)(5)]<br>…<br>So are we good to proceed with the $61M cases on Monday?<br>…<br>Sounds like Ukraine was not discussed.<br>…<br>Not yet.<br>…<br>No – still trying to get a read out. Have you heard anything on the Afghanistan piece?<br>…<br>Any news? [subject line]<br>On the meeting?<br>[Discussion on previous subject omitted.] |
|---|---|

The documents, as produced by Defendants, are filed as an Exhibit to this motion.

## II.   MUCH OF THE REDACTED MATERIAL IS, ON ITS FACE, NOT DELIBERATIVE.

In many instances, so much material is redacted that it cannot be determined whether the redaction was justified or not. Essentially, Defendants' strategy appears to be to drown Plaintiff in redactions to make it impossible to distinguish any conceivably legitimate redactions from those that are not.

In other instances, though, the context strongly suggests that the redacted material is factual and not deliberative. For example:

- At page 1, "Our planned response is to provide the attached, which shows: [(b)(5)]": The word "shows" suggests factual information.

- It is possible that some of the reaction to the Aug. 28 Politico article relating to the Ukraine aid (pages 92-94 and 128-30) might be forward-looking and arguably deliberative. But other commentary, such as assessments of the article's accuracy, or positive or negative reactions to the fact of the article's publication, would not be exempt if it is present.

- At page 95, "attached info on the process/timeline for USAI execution" and at pages 108 and 116, "Attached info on the USAI execution. Number 5 has the general info on the steps": There is no suggestion that the attachment is deliberative, and deliberative material would not ordinarily be described as "info."

- At page 119, "the answer[s] to your two quick questions" appear to be, not suggested talking points, but factual information to be used in responding to questions from members of Congress.

- At pages 136 and 137, "FYI, you may know this, [(b)(5)] No additional intel yet. Will

advise." The implication, by virtue of the assertion that there is no *additional* intel yet, is that the redacted material is "intel," not advice.

- At page 143, "closing the loop on this, OMB OGC determined [(b)(5)]": On the face of it, this describes a determination by the Office of General Counsel, not advice or suggestion.

If any substantial doubt remains that much of this material is not deliberative, Plaintiff suggests that the Court should examine the unredacted documents in camera on an expedited basis. As this Court noted in its Order, "'[t]he basic purpose of FOIA is to ensure an informed citizenry.'" Order at 15 (quoting, *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). However, Defendants are attempting to keep the American public in the dark for as long as possible about the conditioning of USAI funding on Ukraine's agreement to conduct an investigation into President Trump's political rival. Rather than allowing journalism "to be the first draft of history," Defendants are cynically trying to render the documents as a "footnote to history" by delaying their production until the impeachment proceedings have concluded.

As this Court recognized with its Order, "the primary value of the information lies in its ability to inform the public of ongoing proceedings of national importance; and, in these circumstances, 'stale information is of little value.'" Order at 11 (quoting, *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)). The most effective way for this Court to ensure that the purpose of its preliminary injunction order is satisfied is to conduct an expedited in camera review of the 146 pages of documents produced by Defendants to ensure that information that should be disclosed under the FOIA statute is not wrongfully withheld. Otherwise, information potentially central to the decision-making of Congress in the impeachment proceedings will come to light only after it can no longer make a difference. This

Court's Order was intended to avoid this very outcome, which the Court concluded "would cause irreparable harm" both the Plaintiff and the American public.  Order at 11.

As this Court noted in granting the preliminary injunction, "this is not an ordinary FOIA case." Order at 6.  Therefore, an ordinary remedy for Defendants' failure to comply with their FOIA obligations will not suffice.  In fact, Defendants are surely banking on the wheels of justice grinding just slowly enough for them to avoid accountability in connection with the impeachment proceedings.  Just as this Court exercised its authority to require an expedited document production, it should similarly conduct an expedited review of Defendants' copious and unwarranted redactions to ensure that the purpose of its Order is not thwarted and that the citizenry isn't denied critical information about the impeachment proceedings before it is too late.

### III. ALTERNATIVE REMEDY.

In addition to conducting an expedited in camera review of Defendants' redactions, this Court also has the authority to order Defendants to produce all the information they have withheld under assertions of Exemption 5. While this may result in release of some information that could be appropriately withheld, it is nevertheless an appropriate remedy.

The government has discretion to release Exemption 5 material. That is, no law prevents its release, as would be the case, for instance, with information that invades personal privacy.

Where an agency has misused its authority to withhold information under FOIA exemptions, it would be appropriate for the Court to remove that authority, with respect to this production of documents and only as to the information for which Exemption 5 was asserted.

## **CONCLUSION**

For the foregoing reasons, Public Integrity asks the Court to conduct an expedited in camera review of Defendants' redactions.  Alternatively, Plaintiffs requests that the Court order that Defendants reissue the records it produced on December 12, 2019, without withholding any of the information previously redacted under Exemption 5.

Respectfully submitted,

/S/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff