**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:19-cv-03265 (CKK) |
| U.S. DEPARTMENT OF DEFENSE, | ) |
| | ) |
| and | ) |
| | ) |
| OFFICE OF MANAGEMENT AND | ) |
| BUDGET, | ) |
| | ) |
| Defendants. | ) |

_____ )

## JOINT STATUS REPORT

In accordance with the Court's Order dated December 13, 2019, the parties hereby report as follows:

The parties met and conferred on December 17.  The parties intend to file cross motions for summary judgment.  However, the parties cannot agree upon a proposed schedule.  Accordingly, consistent with the Court's Order, the parties submit the following proposals for summary judgment briefing.

*Defendants' Proposal*

Defendants propose the following schedule:

- Defendants' motion for summary judgment, including *Vaughn* indexes/declarations due: **January 31, 2020**

- Plaintiff's cross-motion and response due: **February 14, 2020**

- Defendants' reply and response due: **March 6, 2020**

- Plaintiff's reply due: **March 13, 2020**

Defendants could not possibly file *Vaughn* indexes/declarations on December 20, as Plaintiff proposes, without severely prejudicing their interests in this litigation.  Pursuant to the Court's November 25, 2019 order, Defendants must complete production by this Friday, December 20.  Defendants are marshalling all available resources to meet this extremely expedited production deadline, which they opposed.  Defendants simply do not have the capacity to also prepare their *Vaughn* indexes and declarations justifying all withholdings in the next three days.  Moreover, *Vaughn* indexes are used by district courts "in adjudicating summary judgment motions in FOIA cases," *CREW v. Fed. Election Comm'n*, 711 F.3d 180, 187 n. 5 (D.C. Cir. 2013), and for that reason are filed in conjunction with the agency's summary judgment motion, not in advance.  The purpose of the *Vaughn* index is to enable litigation of the exemptions, not to inform the public about the withheld information.  *Campaign v. FDA*, 511 F.3d 187, 196 (D.C. Cir. 2007) ("The principal purpose of a *Vaughn* index is to facilitate the litigation process.").  Nor does Plaintiff seek a *Vaughn* index for the purpose of narrowing the disputed redactions.

Likewise, it would be extremely difficult, if not impossible, for Defendants to file their summary judgment motion on December 31, as Plaintiff proposes.  A number of critical personnel at DOJ, DoD, and OMB have pre-planned, pre-approved annual leave scheduled during the holidays from December 24, 2019, through January 3, 2020, as well as pre-paid vacation plans with their families during this time.  For example, undersigned counsel for Defendants will be on leave December 24-30, 2019, and her supervisor, Marcia Berman, will be on leave December 25-January 3, with a pre-paid family vacation from December 25-January 1.  DoD's principal FOIA attorney will be out of the country on personal leave January 1-17, 2020.  As noted above, Defendants are working on a highly expedited schedule to complete their productions on December 20, leaving little to no time before critical personnel begin their leave

to prepare summary judgment materials before December 31.  Nor can Defendants take resources away from the production effort to work on preparing *Vaughn* indexes and declarations and still meet their December 20 production deadline.

Defendants' proposal also takes into account the following existing deadlines between now and on or about January 31 in other cases that critical personnel are responsible for. Department of Defense:  *Bloche v. DoD*, No. 07-2050 (D.D.C.) (Renewed motion for partial summary judgment due January 31, 2020); *James Madison Project v. DoD*, No. 18-1091 (D.D.C.) (Draft *Vaughn* index and declaration due February 7, 2020); *American Oversight v. DoD*, No. 18-787 (D.D.C.) (Summary judgment opposition and reply brief due January 10, 2020); *American Oversight v. DoD*, No. 19-618 (D.D.C.) (Draft *Vaughn* index); *Knight First Amendment v. DOJ*,  No. 18-1129 (D.D.C.) (2,000 pages to be processed, with final monthly production anticipated at the end of December 2019); *National Security Archive v. DoD*, No. 17-492 (D.D.C.) (4,000 pages to be processed every 60 days, with next interim production anticipated on or before December 30, 2019); *Institute For Policy Studies v. CIA*, No. 06-960 (D.D.C.) (6,000 pages to be processed, with rolling monthly releases).  Office of Management and Budget (OMB): *Citizens for Responsibility & Ethics in Washington (CREW) v. OMB, DoD, & State,* No. 19-3488 (D.D.C.) (Answer due on December 27, 2019); *New York Times Company v. OMB,* No. 19-3562 (D.D.C.) (Production due on January 3, 2020); *American Oversight v. OMB*, No. 19-3213 (D.D.C.) (Processing and production of 1,081 documents due January 21, 2020).  Department of Justice: Ms. Richer is also counsel in *Bird v. Barr*, No. 19-1581 (D.D.C.), which currently has a hearing on a motion for preliminary injunction scheduled for December 23, 2019.  Ms. Berman anticipates she will have dozens of briefs and other filings to review between now and January 31, 2020, given her management responsibility for numerous

Government Information cases, as well as Department of Education cases, handled by the Federal Programs Branch.

Plaintiff's proposal of providing Defendants three business days to prepare their opposition to Plaintiff's cross-motion and reply in support of their motion is patently unreasonable.  There is no reason for such a compressed briefing schedule, certainly not the mere fact that Defendants have redacted information from records that are, by definition, inter- and intra-agency communications.  *See* Plaintiff's Motion to Enforce Preliminary Injunction (ECF No. 19); Complaint at 2-3 (setting forth Plaintiff's FOIA requests).

*Plaintiff's Proposal*

Plaintiff proposes the following schedule:

- Defendants' *Vaughn* indexes due: **December 20, 2019**

- Defendants' motion for summary judgment due: **December 31, 2019**

- Plaintiff's cross-motion and response due: **January 3, 2020**

- Defendants' reply and response due: **January 8, 2020**

- Plaintiff's reply due: **January 10, 2020**

Plaintiff requests an expedited schedule because the requested records and the information that Defendants have redacted remain highly relevant to the ongoing impeachment proceedings, which as the Court has recognized, are "a matter of extreme national concern." Opinion, Nov. 25, 2019, at 7. Plaintiff is willing to brief summary judgment on an accelerated schedule and asks the Court and Defendants also to act quickly so that the public may be better informed as they participate in the impeachment deliberations.

Defendants' *Vaughn* indexes will reflect the redaction decisions that Defendants have already made, and therefore should be capable of quick production. The *Vaughn* indexes will

themselves give some information — to the public, as well as to the Court and to Plaintiff —

about what has been redacted and for that reason should be produced as quickly as possible.

As the Court's Opinion noted (at 11), "the primary value of the information lies in its

ability to inform the public of ongoing proceedings of national importance; and, in these

circumstances, 'stale information is of little value.'"  (Quoting *Payne Enterprises, Inc. v. United

States*, 837 F.2d 486, 494 (D.C. Cir. 1988).)  Plaintiff asks that every effort be made to put the

relevant information before the public before it is stale.

Dated: December 17, 2019                    Respectfully submitted,


  /s/ Peter Newbatt Smith
PETER NEWBATT SMITH (D.C. Bar No. 458244)
Center for Public Integrity
910 17th St NW, 7th Floor
Washington, D.C. 20006-2606
Tel: (202) 481-1239
Email: psmith@publicintegrity.org

*Attorney for Plaintiff*


JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Director
Federal Programs Branch


  /s/ Amber Richer
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorneys for Defendant*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically transmitted the foregoing to the parties and the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

 /s/ Amber Richer
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 1:19-cv-03265 (CKK) |
| U.S. DEPARTMENT OF DEFENSE, | ) |
| | ) |
| and | ) |
| | ) |
| OFFICE OF MANAGEMENT AND | ) |
| BUDGET, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**[PROPOSED] ORDER**

Upon consideration of the Joint Status Report filed December 17, 2019, it is ORDERED

that the parties shall adhere to the following schedule:

      a.  Defendants' motion for summary judgment and *Vaughn* index due:

          _____

      b.  Plaintiff's cross-motion and response due: _____

      c.  Defendants' reply and response due: _____

      d.  Plaintiff's reply due: _____.


Date: _____          _____
                                   HON. COLLEEN KOLLAR-KOTELLY
                                   United States District Judge

1