**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| CENTER FOR PUBLIC INTEGRITY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-3265 |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

---

**DECLARATION OF HEATHER V. WALSH**

I, Heather V. Walsh, make the following declaration based on personal knowledge and information made available to me in the course of my official duties:

1.      I am the Deputy General Counsel in the Office of Management and Budget's ("OMB") Office of the General Counsel ("OGC").  Previously, I was an Assistant General Counsel in this office, and I have worked at OMB since 2009.

2.      My office handles all requests submitted to OMB under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  One of my responsibilities is to supervise the staff responsible for handling FOIA requests.  Due to my official duties, I am familiar with the procedures followed by OMB OGC in responding to FOIA requests.  Additionally, I regularly work with OMB staff across multiple components of the agency, and am therefore familiar with the breadth and variety of OMB's involvement in issues across the Federal Government.

3.      I am aware of OMB's handling of the FOIA request at issue in this case, which was submitted to OMB by Plaintiffs on September 30, 2019 (the "Request").

4.      The purpose of this declaration is to describe the search conducted by OMB and the application of FOIA exemptions to the documents that OMB processed in response to Plaintiff's FOIA Request.

## OMB'S PROCESSING OF PLAINTIFF'S FOIA REQUEST

5.      On September 30, 2019, OMB received Plaintiff's FOIA request via email.  A true and accurate copy of the request is attached hereto as Exhibit 1.  The request seeks "[a]ll records reflecting any communication between officials and employees of [OMB] and the office of Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's [office] concerning the Ukraine Security Assistance Initiative, including but not limited to letters, emails, memoranda, reports, appointment calendars, and telephone logs … dated between April 2019 and the date [OMB] process[es] this request."  The request further specifies that responsive records "should include any and all communications pertinent to apportionment requests related to the funds for this initiative during this period."

6.      The following day, on October 1, 2019, OMB acknowledged receipt of Plaintiff's FOIA Request and assigned it OMB FOIA Number 2019-496.  A true and accurate copy of the acknowledgment is attached hereto as Exhibit 2.

7.      On October 30, 2019, Peter Smith, the Attorney for the Plaintiff, called OMB to inquire about the status of his client's FOIA request.  That same day, Plaintiff filed a Complaint for Declaratory and Injunctive Relief.  The following day, on October 31, 2019, Plaintiff filed a Motion for a Preliminary Injunction.

8.      In response to the Court's Order of November 25, 2019, granting Plaintiff's Motion for a Preliminary Injunction, Defendants began coordinating on the processing of Plaintiff's FOIA requests.  On December 12, 2019, Defendants jointly released 146 pages of records responsive to Plaintiff's FOIA requests and an additional 146 pages of responsive records on December 20, 2019.  The December 20th production also included 15 pages of revisions to the December 12th production reflecting additional disclosures. Additionally, Defendants are releasing additional information from two pages previously produced to Plaintiff in the final production on December

20, 2019. The two pages are CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 025 and CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 073. Defendants are making this additional release concurrent with this filing to be consistent with information released on duplicate pages in the December 20th production.

9.      Defendants did not withhold in full any responsive pages.  The entire production to Plaintiff consisted of 292 pages.

### ADEQUACY OF OMB'S SEARCH

10.      To expedite Plaintiff's Request and because time was of the essence, Defendants proposed that OMB would not need to independently conduct a redundant search for the requested communications between OMB and the Department of Defense ("DoD").  Plaintiff did not oppose this approach.  DoD had already begun processing the documents, and Plaintiff's Request to OMB was fully subsumed by its FOIA request to DoD.  As such, any responsive documents in OMB's custody and control would also be captured in DoD's system of records because Plaintiff sought from OMB only those communications exchanged between employees of the two agencies.  Hence, for purposes of meeting the Court's production deadlines, OMB relied upon DoD's search results.

11.      Subsequent to the two productions in this case and while preparing to submit this declaration, OMB released documents in another FOIA case, *American Oversight v. Office of Management and Budget et al.*, 19-cv-3213, on January 21, 2020.  In that case, OMB provided all of the sent emails of OMB's Principal Associate Director Michael Duffey, which partially overlapped with the production in this case insofar as it included communications between OMB and DoD's Office of the Under Secretary of Defense (Comptroller).  In conducting the search in that case, OMB relied on the documents it had collected in October 2019 from a back-end electronic search of all OMB employees' emails, calendars, and work folders.  The back-end

electronic search included the terms Ukraine, Ukraine Security Assistance Initiative, USAI or

Zelensk* (wild card).  All of the terms used in running the October 2019 search were in the

disjunctive to ensure the broadest collection of documents on the topic.

12.     In OMB's search for documents responsive for the January 21, 2020, production in the

*American Oversight* case, OMB did not identify any new records responsive to the Plaintiff's

Request for communications between OMB and DoD that had not been previously disclosed to

Plaintiff in this case.

## THE APPLICATION OF FOIA EXEMPTIONS

13.     Defendants did not withhold in full any responsive records, and therefore all

withholdings are represented by visible redaction markings on the productions.  The redactions

that this declaration addresses involve information withheld under FOIA Exemptions 5 and 6 in

which OMB has equities.  OMB provided input to DoD in the development of this *Vaughn* index

and I have personally reviewed it for accuracy in representing withholdings based on OMB's

equities.  A true and accurate copy of Defendants' *Vaughn* Index is attached hereto as Exhibit 3.

Further, I have personally reviewed each of the responsive records.

14.     Defendants applied redactions to withhold information from the responsive records

pursuant to FOIA Exemptions 5 and 6.  Exemption 5 protects from disclosure "inter-agency or

intra-agency memorandums or letters that would not be available by law to a party . . . in

litigation with the agency…."  *See* 5 U.S.C. § 552(b)(5).  Exemption 5 imports civil discovery

privileges into the FOIA, including the deliberative process privilege.  Exemption 5 has been

construed to exempt documents or information normally privileged in the civil discovery

context, and incorporates the attorney work product, attorney-client, deliberative process, and the

Presidential Communications Privilege.  Additionally, Exemption 6 protects against disclosure of

information that would constitute a clearly unwarranted invasion of personal privacy.  This

includes information such as direct telephone numbers and email addresses.

### DELIBERATIVE PROCESS PRIVELEGE

15.      The deliberative process privilege protects pre-decisional, deliberative communications

that are part of a process by which agency decisions are made.  It protects opinions, advice,

evaluations, deliberations, proposals, or recommendations that form part of an agency decision-

making process, as well as the selection and sorting of factual information relied upon as part of

the decision-making process.

16.      For both productions in this matter, Defendants withheld information through redactions

marked for Exemption 5 on a total of 81 documents pursuant to the deliberative process

privilege.[1]  *See Vaughn* Index attached as Exhibit 3, Doc. Nos. 1, 6, 8, 9, 11, 12, 13, 14, 15, 16,

17, 20, 21, 22, 23, 24, 25, 28, 30, 31, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 49, 51,

52, 53, 54, 56, 57, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 82, 83, 86,

92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110 & 111.  I have

reviewed each of these documents.  With respect to the threshold requirement of Exemption 5,

Defendants determined that each of the 81 documents containing information that Defendants

withheld under Exemption 5 contained inter-agency or intra-agency communications.

17.      With respect to the remaining elements of the deliberative process privilege, OMB

determined that all of the information that Defendants withheld was both pre-decisional and

deliberative. Specifically, and as explained more fully below and on a document-by-document

basis in Defendants' *Vaughn* Index, the withheld information contains pre-decisional and

deliberative communications or draft documents in the process of revision that do not reflect

---

[1] The 81 partially redacted documents protected from disclosure pursuant to the deliberative process privilege
overlap with both the 30 documents protected under the attorney-client privilege and the 24 documents protected
under the Presidential Communications Privilege.

final agency decisions.  These discussions and deliberations were part of a decision-making process conducted among senior officials at OMB and DoD in consultation with agency counsel and other components of the Executive Office of the President, such as the White House Office and the Office of the Vice President.

18.     More specifically, officials at OMB and DoD were determining how best to execute a series of short-term budgetary apportionment actions to allow time for a policy process to occur. The deliberations shown in the information being withheld concern the then-pending decisions by the Executive Branch on how and when to authorize the obligation of Federal funds appropriated for Ukraine, decisions on apportionment actions, and the potential implications of the apportionment actions.  This information is pre-decisional because, in each case of redacted information, officials were discussing matters intended to be subsequently decided based on these deliberations.  The redacted information is deliberative in that it reflects the weighing of options, opinions, and arguments as part of confidential discussions and deliberations that informed the Executive Branch's internal policy formulation process regarding the use of security assistance funds for Ukraine.  Defendants redacted such information from these records to protect internal Executive Branch discussions and deliberations from being chilled by the effects of public scrutiny of the deliberative process.

19.     OMB assists the President in carrying out his constitutional duty to "take Care that the Laws be faithfully executed."  *See* U.S. Const. Art. II, Sec 3.  As part of carrying out this duty, the Executive Branch must ensure that Federal agencies spend appropriated funds in an efficient and effective manner, consistent with the purpose for which the funds were appropriated.  When funds are appropriated by Congress, they are provided for particular purposes, for a specified time period, and in a specified amount.  Consistent with 31 U.S.C. §§ 1512 & 1513, OMB is required to apportion funds appropriated for a definite period to ensure that they last for the

entirety of the period for which they were appropriated by Congress, and to apportion funds appropriated for an indefinite period to achieve the most effective and economical use.  Those same laws expressly provide OMB with the authority to apportion funds for any time period (e.g., days, months, quarters) or purpose authorized by the appropriation.

20.     OMB closely coordinates and consults with the affected Federal agency in managing appropriations to ensure that the funds are being spent efficiently and in accordance with statutory directives, and to assess how or whether funds should be used for a particular activity. As was done here, OMB routinely uses its apportionment authority to prevent funds from being used: 1) during certain time periods, 2) for certain programs and activities, or 3) without adequate assurances from Federal agencies that the funds will be used effectively, consistent with law, and in accordance with programmatic need.

21.     Beginning around mid-June and continuing over the course of the summer of 2019, OMB engaged in precisely this collaborative process with DoD over the apportionment of approximately $214 million in DoD appropriations authorized for the Ukraine Security Assistance Initiative (USAI) during fiscal year 2019. The funds were authorized "to provide assistance, including training; equipment; lethal assistance; logistics support, supplies and services; sustainment; and intelligence support to the military and national security forces of Ukraine." *See* Department of Defense Appropriations Act, 2019, Pub. L. No. 115-245, div. A, title IX, § 9013, 132 Stat. 2981, 3044-45 (Sept. 28, 2018). OMB officials, including Principal Associate Director for National Security Programs Michael Duffey, engaged in an ongoing dialogue with officials at DoD, particularly DoD Acting Comptroller Elaine McCusker, to gather information and analysis with respect to the USAI for the purpose of providing advice and recommendations to the President concerning the apportionment of USAI funds. These

discussions between OMB and DoD informed a series of decisions made over the course of the

summer about how to apportion USAI funds.

22.     Specifically, on July 25, 2019, OMB placed a footnote in the apportionment for the

account that includes the USAI funds that stated:

> Amounts apportioned, but not yet obligated as of the date of this reapportionment,
> for the Ukraine Security Assistance Initiative (Initiative) are not available for
> obligation until August 5, 2019, to allow for an interagency process to determine
> the best use of such funds. Based on OMB's communication with DoD on July 25,
> 2019, OMB understands from the Department that this brief pause in obligations
> will not preclude DOD's timely execution of the final policy direction. DOD may
> continue its planning and casework for the Initiative during this period.

> *See* Doc. No. 3.

23.     In a series of decisions, OMB issued apportionment footnotes extending this pause in the

availability of appropriated funds for obligation (often referred to as a "hold") for a limited

period of time. *See* Doc. Nos. 1-5. OMB issued these apportionment footnotes, or variations on

them, on August 6, 15, 20, 27, and 31; and on September 5, 6, and 10, 2019. *See* Doc. Nos. 1-5.

OMB removed the footnote to the apportionment for USAI funds on September 12, 2019,

thereby lifting the pause on the availability of USAI funds for obligation. *See* Doc. No. 4.

24.     The communications between OMB and DoD over the course of the summer of 2019

concerning the series of USAI apportionment footnotes reflect the type of dialogue and exchange

essential to OMB's ability to carry out its apportionment authority. The compelled disclosure of

such information would inhibit the frank and candid expression of views and the sharing of

information that are essential for OMB to carry out its responsibilities, and would greatly impair

the free exchange of information, ideas and analysis within OMB, and between OMB and other

agencies in the Executive Branch.  As a consequence, disclosure would have an adverse impact

on the quality of Executive Branch decision-making regarding the apportionment of Federal

funds, a type of action that occurs frequently within OMB.

25.     The effectiveness of the deliberative process that OMB conducts depends on preserving an environment in which Executive Branch officials can explore issues thoroughly and present their views, concerns, and recommendations candidly.  The decision-making process regarding apportionment actions is often a lengthy iterative process, where OMB staff gather information from agencies and other sources, consolidate what they have learned, evaluate and analyze the data, and develop policy recommendations.  These recommendations are reviewed and potentially revised as more information and viewpoints are accumulated.  The information generated during this process, including those at issue here, show in detail the thinking of OMB and DoD officials as they considered recommendations and developed options for consideration.  OMB relies on the expertise of other agencies about the details of their respective programs and operations in drafting and executing apportionments.  Without the assurance of confidentiality, such agencies would not provide OMB the type of information it needs to properly inform the President and to implement and oversee the Administration's priorities.  If such information were to be publicly disclosed, the frank exchange of confidential opinions and analysis among Executive Branch officials and staff would be significantly inhibited.

26.     The policy discussions and information gathering reflected in these documents are representative of the kinds of deliberations that take place every day at OMB.  While the specific subject matter, content, and course of deliberations vary, the deliberative process is generally similar with respect to the overall way in which OMB works with Executive Branch agencies when analyzing policies or legal issues.  Maintaining the confidentiality of these types of pre-decisional and deliberative communications is critical for OMB to carry out its mission and releasing this information therefore would cause foreseeable harm.

## ATTORNEY-CLIENT PRIVILEGE

27.     Exemption 5 also incorporates the attorney-client privilege. The attorney-client privilege protects confidential communications between an attorney and the client relating to a legal matter for which the client has sought professional advice. The attorney-client privilege protects confidential communications between the client agency and agency's attorney. The attorney-client privilege justifies the withholding not only of communications from the client to the attorney seeking legal advice, but also the communications from the attorney to the client providing the requested advice. Recognition of this privilege supports the public policy of promoting sound legal advice by ensuring free and candid communications between attorneys and their clients.

28.     In the course of its decision-making process, OMB's policy officials occasionally sought legal advice from their Office of General Counsel, including the General Counsel himself. Additionally, OMB's Office of General Counsel met and conferred with DoD's Office of General Counsel, including its General Counsel.  And policy officials at OMB and DoD discussed and shared the legal advice that each had received from their respective legal offices. All of these communications concerned the legal issues involved around the language of the apportionment footnote, the duration of the hold in military assistance to Ukraine, and the potential consequences associated with the pause in funding.

29.     OMB withheld information from a total of 30 documents on the basis of the attorney-client privilege.  *See Vaughn* Index attached as Exhibit 3, Doc. Nos. 20, 21, 24, 31, 33, 34, 38, 40, 41, 42, 45, 46, 47, 51, 52, 54, 65, 66, 69, 70, 71, 73, 74, 75, 76, 77, 94, 95, 96 & 98. Withholding communications seeking and conveying legal advice is necessary to ensure that OMB continues to be able to receive sound and candid legal advice to inform its decision-making on important policy issues and to carry out one of its core statutory responsibilities.  As

with the deliberative process privilege, OMB relies upon the assurance of such free and candid communications with other Executive Branch agencies. Therefore, release of the withheld communications would cause foreseeable harm and have a chilling effect on the free flow of information with counsel, which in turn could result in unsound legal advice and advocacy.

## THE PRESIDENTIAL COMMUNICATIONS PRIVILEGE

30.    The Presidential Communications Privilege applies to documents reflecting the conversations that take place in the President's performance of his official duties, as well as information that is solicited and received by the President or an immediate White House advisor to the President who had broad and significant responsibility over the issues discussed in the document, or their immediate staff. Public disclosure of the documents identified as subject to the Presidential Communications Privilege in this case would risk harming the quality of the information and advice available to the President.

31.    OMB has redacted portions of 24 documents pursuant to the Presidential Communications Privilege. *See Vaughn* Index attached as Exhibit 3, Doc. Nos. 12, 13, 20, 28, 33, 34, 35, 37, 44, 46, 56, 57, 63, 64, 66, 78, 82, 83, 92, 95, 99, 107, 108 & 109. Specifically, the documents in this category are emails that reflect communications by either the President, the Vice President, or the President's immediate advisors regarding Presidential decision-making about the scope, duration, and purpose of the hold on military assistance to Ukraine.

32.    I have reviewed the information withheld under the Presidential Communications Privilege, and my staff has consulted with the White House Counsel's Office in the review process. As reflected in the *Vaughn* Index, the withheld information consists of either the status of an ongoing decision-making process involving the President, information that was solicited and received by the President as part of his official duties, or information that was solicited and received by the President's immediate advisors, including Robert Blair, who is an Assistant to

the President and Senior Advisor to the White House Chief of Staff whose official duties and responsibilities include national security issues.  Additionally, as reflected on the face of the email communications, the information solicited and received by Mr. Blair was in connection with an ongoing decision-making process involving the President.

## PROTECTION OF PERSONAL PRIVACY

33.     Exemption 6 protects against disclosure of information that would constitute a clearly unwarranted invasion of personal privacy.  Defendants redacted OMB staff email addresses and phone numbers from the documents.  Minor redactions of such information under Exemption 6 were applied to nearly every responsive record, as detailed in Defendants' *Vaughn* Index. Release of this information would constitute an unwarranted invasion of privacy because such disclosure would greatly increase the risk that these publicly-accessible communications tools could be abused by unsolicited "spam" email and calls, reducing their users' ability to avoid harassment and maintain their personal privacy.  Meanwhile, the exact email addresses and phone numbers of agency staff do not shed light on agency functions.

## REASONABLY SEGREGABLE INFORMATION

34.     In conducting a document-by-document review of all the records that are responsive to the FOIA requests, OMB assessed whether any factual or otherwise nonexempt information could be segregated and disclosed pursuant to 5 U.S.C. § 552(b).  Based on this assessment, OMB has determined that all nonexempt segregable information has been released.  In particular, OMB determined, with respect to each portion of information withheld under Exemption 5, that the information redacted consists of discussions involving deliberations in which facts are inextricably intertwined with deliberative discussion, opinions, and policy recommendations, such that disclosing any facts, and how they are presented, would reveal the thought processes of

OMB during deliberations.  Thus, I have determined that disclosure of such factual material would reveal the nature and substance of the agency deliberations.

In accordance with 28 U.S.C. § 1746, I hereby declare and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the accompanying *Vaughn* index and exhibits are true and correct.

Executed in Washington, District of Columbia, this 31st day of January, 2020.


_____
Heather V. Walsh
Deputy General Counsel
Office of the General Counsel
Office of Management and Budget

# EXHIBIT 1

**Hardy, Dionne M. EOP/OMB**

*19-496*

| | |
|---|---|
| **From:** | Smith, Jeffrey <jsmith@publicintegrity.org> |
| **Sent:** | Monday, September 30, 2019 5:58 PM |
| **To:** | MBX OMB FOIA |
| **Cc:** | Smith, Peter |
| **Subject:** | [EXTERNAL] OMB FOIA from the Center for Public Integrity with a request for urgent processing |

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
E-mail address: OMBFOIA@omb.eop.gov

Dear Ms. Hardy:

This is a request under the Freedom of Information Act.

On behalf of the Center for Public Integrity and myself, jointly, I request that you provide us copies of the records identified and described below – or of records containing the information identified and described below:

All records reflecting any communication between officials and employees of the Office of Management and Budget and the office of Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's concerning the Ukraine Security Assistance Initiative, including but not limited to letters, emails, memoranda, reports, appointment calendars, and telephone call logs, and dated between April 2019 and the date you process this request. **These should include any and all communications pertinent to apportionment requests related to the funds for this initiative during this period.**

Please note that since the aid to Ukraine under this program was released on September 12, we consider these communications **not** to be governed by FOIA exemptions pertinent to ongoing policy deliberations.

Format: we prefer to receive records in the following formats, listed in order of preference:

(1) word processing file, text-based PDF, or similar;
(2) other non-proprietary electronic format;
(3) paper copies.

We specifically request all portions of any record responsive to the description above. If you withhold any record or any portion of a record as exempt, we specifically request the release of all segregable non-exempt portions, including but not limited to email header information (e.g., sender, recipients, date, subject) and analogous information in non-email documents.

If you withhold any record or portion of a record, please specify which statutory exemptions are claimed for each withholding. Please separately state how disclosure would harm an interest protected by the cited exemption. Please describe each record withheld, including its date and size (e.g., amount of electronic memory or number of paper pages).

**Request for expedited processing**

We request expedited processing for this request because the Center and I are "primarily engaged in disseminating information," and there is "urgency to inform the public concerning actual or alleged Federal

Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the topic of the Defense Department's handling of the Ukraine Security Assistance program is a matter of immediate concern to the American public, given extensive media interest in the fate of the program and the pressures placed upon the department regarding this program. These matters are the subject of imminent congressional hearings and action.

**Request for fee reduction as a representative of the news media**

The Center for Public Integrity is a news media organization, and therefore this request should be exempt from all fees for search and review. This request is being made in connection with the Center's newsgathering functions and not for any other commercial purpose. The Center intends to produce one or more original investigative reports based on analysis of the requested information. The Center's work has won the Pulitzer Prize in 2014 and 2017 and numerous other journalism awards (see >http://www.publicintegrity.org/about/our-work/awards<).

The only federal court to consider the issue has held that the Center "is entitled to treatment as a representative of the news media for purposes of FOIA." Center for Public Integrity v. HHS, Civil Case No. 06-1818, 2007 U.S. Dist. LEXIS 56172 (D.D.C. Aug. 3, 2007), >https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2006cv1818-15<. In addition, our reporters covering Congress and congressional committees are credentialed by the Standing Committee of Correspondents of the Congressional Daily Press Gallery.

We expect that duplication fees for producing electronic records will be minimal. If there are processing fees greater than $25, inform me before you fill the request, and I will provide additional information in support of a public interest fee waiver.

Please feel free to contact me about any aspect of this request. In principle, the Center is willing to consider ways in which the request might reasonably be narrowed.

I certify that the information I have provided is true and correct. Thank you for your attention to this request.

Sincerely,

R. Jeffrey Smith
Center for Public Integrity
910 17th Street N.W., 7th Floor
Washington, DC 20006-2606
Office telephone 202-481-1206
jsmith@publicintegrity.org

R. Jeffrey Smith
Managing Editor for National Security
Center for Public Integrity
910 17th St. NW – 7th Floor
Washington, D.C. 20006
Landline 202-481-1206
Cellphone: 202-309-2359
GPG fingerprint: D27FC3FA32EE2938608047C5C50E1E64CF5D64F1


The Center for
**Public Integrity**

# EXHIBIT 2

| From: | MBX OMB FOIA |
|---|---|
| To: | "Smith, Jeffrey" |
| Subject: | RE: OMB FOIA from the Center for Public Integrity with a request for urgent processing |
| Date: | Tuesday, October 1, 2019 2:48:00 PM |
| Attachments: | image001.png |

Greetings:  This email acknowledges receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated and received in the office on September 30, 2019.  Your request has been logged in and is being processed.  For your reference, the OMB FOIA number is 2019-496.

Sincerely,
Dionne Hardy

**From:** Smith, Jeffrey <jsmith@publicintegrity.org>
**Sent:** Monday, September 30, 2019 5:58 PM
**To:** MBX OMB FOIA <MBX.OMB.FOIA@OMB.eop.gov>
**Cc:** Smith, Peter <psmith@publicintegrity.org>
**Subject:** [EXTERNAL] OMB FOIA from the Center for Public Integrity with a request for urgent processing

Dionne Hardy, FOIA Officer
Office of Management and Budget
725 17th Street NW, Suite 9204
Washington, DC 20503
E-mail address: OMBFOIA@omb.eop.gov

Dear Ms. Hardy;

This is a request under the Freedom of Information Act.

On behalf of the Center for Public Integrity and myself, jointly, I request that you provide us copies of the records identified and described below – or of records containing the information identified and described below:

All records reflecting any communication between officials and employees of the Office of Management and Budget and the office of Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's concerning the **Ukraine Security Assistance Initiative**, including but not limited to letters, emails, memoranda, reports, appointment calendars, and telephone call logs, and dated between April 2019 and the date you process this request. **These should include any and all communications pertinent to apportionment requests related to the funds for this initiative during this period.**

Please note that since the aid to Ukraine under this program was released on September 12, we consider these communications **not** to be governed by FOIA exemptions pertinent to ongoing policy deliberations.

Format: we prefer to receive records in the following formats, listed in order of

preference:

    (1)  word processing file, text-based PDF, or similar;

    (2)  other non-proprietary electronic format;

    (3)  paper copies.


We specifically request all portions of any record responsive to the description above. If you withhold any record or any portion of a record as exempt, we specifically request the release of all segregable non-exempt portions, including but not limited to email header information (e.g., sender, recipients, date, subject) and analogous information in non-email documents.

If you withhold any record or portion of a record, please specify which statutory exemptions are claimed for each withholding. Please separately state how disclosure would harm an interest protected by the cited exemption. Please describe each record withheld, including its date and size (e.g., amount of electronic memory or number of paper pages).

**Request for expedited processing**

We request expedited processing for this request because the Center and I are "primarily engaged in disseminating information," and there is "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II). Specifically, the topic of the Defense Department's handling of the Ukraine Security Assistance program is a matter of immediate concern to the American public, given extensive media interest in the fate of the program and the pressures placed upon the department regarding this program. These matters are the subject of imminent congressional hearings and action.

**Request for fee reduction as a representative of the news media**

The Center for Public Integrity is a news media organization, and therefore this request should be exempt from all fees for search and review. This request is being made in connection with the Center's newsgathering functions and not for any other commercial purpose. The Center intends to produce one or more original investigative reports based on analysis of the requested information. The Center's work has won the Pulitzer Prize in 2014 and 2017 and numerous other journalism awards (see >http://www.publicintegrity.org/about/our-work/awards<).

The only federal court to consider the issue has held that the Center "is entitled to treatment as a representative of the news media for purposes of FOIA." Center for Public Integrity v. HHS, Civil Case No. 06-1818, 2007 U.S. Dist. LEXIS 56172 (D.D.C. Aug. 3, 2007), >https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2006cv1818-15<. In addition, our reporters covering Congress and congressional committees are credentialed by the Standing Committee of Correspondents of the Congressional Daily Press Gallery.

We expect that duplication fees for producing electronic records will be minimal. If there are processing fees greater than $25, inform me before you fill the request, and I will provide additional information in support of a public interest fee waiver.

Please feel free to contact me about any aspect of this request. In principle, the Center is willing to consider ways in which the request might reasonably be narrowed.

I certify that the information I have provided is true and correct. Thank you for your attention to this request.

Sincerely,


R. Jeffrey Smith

Center for Public Integrity

910 17th Street N.W., 7th Floor

Washington, DC 20006-2606

Office telephone 202-481-1206

jsmith@publicintegrity.org


R. Jeffrey Smith

Managing Editor for National Security

Center for Public Integrity

910 17th St. NW – 7th Floor

Washington, D.C. 20006

Landline 202-481-1206

Cellphone: 202-309-2359

GPG fingerprint: D27FC3FA32EE2938608047C5C50E1E64CF5D64F1



# EXHIBIT 3

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 1 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 001 - 028 | Hill Request for Apportionment Docs | 9/16/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This document is a draft "planned response" to congressional inquiry about "release of the Ukraine funding hold" sent by Elaine McCusker at DoD to Michael Duffey at OMB for input. The redacted information is predecisional because it involves a draft of a "planned response" and it is deliberative because it is part of a back-and-forth exchange with OMB.\n\n(b)(6): personal information - email addresses of employees have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 2 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 029 - 45 | RE: Footnote | 9/3/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - email addresses and phone numbers of employees have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 3 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 046 - 60 | FW: O&M Defense Wide 97-0100 OMB signed apportionment [Apportionment sent to Agency after Approval from | 7/26/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - email addresses and phone numbers of employees, including the names of junior personnel at DoD, have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 4 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 061 - 76 | O&M, DW apportionment | 9/16/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - email addresses of employees have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 5 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 077 - 91 | Updated USAI footnote | 9/7/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - email addresses of employees have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 6 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 092 - 094 | Re: From POLITICO - Trump slow-walks Ukraine military aid meant to contain Russia | 8/29-8/30/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Discussions among senior DoD officials about possible questions and proposed responses to Congress and the media concerning the Ukraine Security Assistance Initiative (USAI). Additionally, communications among senior DoD officials regarding whether to send a letter from the Deputy Secretary of Defense to OMB to express DoD's opinions regarding timing and logistical considerations for obligating USAI funds by the end of the fiscal year.\n\n(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

**Vaughn Index**

**CPI v. DoD, No. 19-3265 (D.D.C.)**

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 7 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 095 | USAI | 8/16/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 8 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 096-101 | USAI Contracting Info_16 Aug 19 0800 – Attachment to August 16, 2019 Email at Bates 095 | 8/16/2019 | DoD/OMB | (b)(3), 10 USC 130c, (b)(5) | (b)(3), 10 USC 130c: sensitive information about Ukraine's national security needs, plans for acquisition of specific military goods with USAI funds, and associated estimated costs.<br><br>b)(5): deliberative process privilege - Information about internal DoD contracting processes, timelines and procedures to help inform OMB's apportionment analysis. |
| 9 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 102-103 | RE: Footnote | 8/20/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchanges between OMB and DoD about proposed draft apportionment footnote regarding USAI funds.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 10 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 104 | USAI | 8/16/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. (duplicate of Bates 095) |
| 11 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 105 | Apportionment | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from DoD to OMB about the proposed footnote regarding the Ukraine apportionment<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 12 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 106-108 | RE: USAI | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchanges between DoD and OMB regarding possible continuation of the apportionment footnote and the potential impacts of such a pause.  This information was shared with OMB to inform its apportionment analysis.  These email exchanges also include references to communications involving the President or his immediate advisors.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

CPI v. DoD, No. 19-3265 (D.D.C.)

**Vaughn Index**

**CPI v. DoD, No. 19-3265 (D.D.C.)**

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 13 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 109 -111 | RE: USAI | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchanges between DoD and OMB regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to communications involving the President or his immediate advisors  (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. [partial duplicate of Bates 106-08] |
| 14 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 112 - 114 | RE: USAI | 8/1/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchanges between DoD and OMB regarding possible continuation of the apportionment footnote and the potential impacts of such a pause  (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. [partial duplicate of Bates 106-08] |
| 15 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 115- 116 | RE: USAI | 8/10/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege – Email exchanges between DoD and OMB regarding possible continuation of the apportionment footnote and the potential impacts of such a pause  (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. [partial duplicate of Bates 106-08] |
| 16 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 117 - 118 | Attachment to August 9, 2019 email from DoD Comptroller at Bates 116. | 8/10/2019 | DoD/OMB | (b)(5) | (b)(5): deliberative process privilege – Draft questions and answers shared between DoD and OMB regarding USAI funding processes and timelines to aid OMB in its apportionment analysis. |
| 17 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 119 | For Big 4 Breakfast | 9/16/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Suggested talking points drafted by DoD Comptroller for Deputy Secretary of Defense in preparation for a breakfast meeting with "Big 4" chairs and ranking members of congressional armed services, on "Projection for USAI obligations by year end" and "Section 284 border barrier obligation status."  (b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 18 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 120 | FW: FY 2019 USAI Vendor List | 9/9/2019 | DoD | (b)(6) | (b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |

CPI v. DoD, No. 19-3265 (D.D.C.)

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 19 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 121-127 | FY 19 USAI Vendor Information | N/A | DoD | (b)(3) 10 USC 130c | (b)(3), 10 USC 130c: sensitive information about Ukraine's national security needs, plans for acquisition of specific military goods with USAI funds, and associated estimated costs |
| 20 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 128 -129 | RE: From POLITICO - Trump slow-walks Ukraine military aid meant to contain Russia | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege - Email exchange among senior DoD officials, including General Counsel and Deputy General Counsel (Fiscal) deliberating draft talking points in response to a news article entitled "Trump slow-walks Ukraine military aid to contain Russia" and related discussions between DoD and OMB. One of the internal DoD email exchanges also includes a reference to communications involving the President or his immediate advisors. \n\n (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 21 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 130 | RE: From POLITICO - Trump slow-walks Ukraine military aid meant to contain Russia | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange among senior DoD officials, including General Counsel and Deputy General Counsel (Fiscal), and between DoD and OMB deliberating draft talking points in response to a news article entitled "Trump slow-walks Ukraine military aid to contain Russia." Partial duplicate of Bates 128-29. \n\n (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 22 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 131 | RE: Ukraine | 8/9/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from DoD to OMB regarding USAI funding processes and timelines to aid OMB in its apportionment analysis. \n\n (b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 23 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 132 | Re: Ukraine Funding Plan | 22-Jul-19 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from OMB to DoD requesting "Ukraine funding plan" to assist OMB in its apportionment analysis. \n\n (b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 24 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 133 | Ukraine | 7/19/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from OMB to DoD regarding USAI funding implications to aid OMB in its apportionment analysis, including legal implications and advice of counsel.<br><br>(b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 25 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 134 | RE: Ukraine Funding Plan | 7/22/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from OMB to DoD requesting "Ukraine funding plan" to assist OMB in its apportionment analysis.<br><br>(b)(6): personal information - The email addresses of employees, including the name of a junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 26 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 135 | FY 19 Tranche I ($125M) notified to Congress in March | | DoD | (b)(3) 10 USC 130c | (b)(3), 10 USC 130c: sensitive information about Ukraine's national security needs, plans for acquisition of specific military goods with USAI funds, and associated estimated costs |
| 27 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 136 | RE: USAI | 9/12/2019 | DoD | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 28 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 137 | RE: USAI | 9/12/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email from DoD SecDef Chief of Staff to DoD senior officials regarding assessments about the release of funds, including references to communications involving the President or his immediate advisors. Partial duplicate of Bates 136.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 29 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 138 | USAI | 8/26/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 30 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 139 | Footnote | 8/20/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from OMB about proposed draft apportionment footnote regarding USAI funds.<br><br>(b)(6): personal information - The email addresses and phone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 31 | CPI v DoD 19-3265 (D.D.C.) 12 Dec 19 140-146 | RE: Any news | 8/20/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchanges between DoD and OMB regarding possible continuation of the apportionment (footnote) and the potential impacts of such a pause, including an email from OMB reflecting legal advice provided by its Office of General Counsel. (b)(6): personal information - The email addresses and phone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 32 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 001 | RE: USAI | 9/12/2019 | DoD | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. Duplicate of Doc. 12 Bates 135. |
| 33 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 002 - 004 | Re_ Ukraine | 9/1/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege - Email exchanges among senior DoD officials, including the General Counsel, regarding whether to relay DoD's opinions regarding logistics and timing of obligating funds at a more senior level, such as the Deputy Secretary of Defense, to provide greater weight to those opinions, as well as email exchanges between OMB and DoD regarding possible continuation of the apportionment (footnote) and the potential impacts of such a pause. These exchanges include references to communications involving the President or his immediate advisors. (b)(6): personal information - The email addresses and phone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 34 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 005 - 007 | Re_ Ukraine | 9/1/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege - Email exchanges among senior DoD officials, including the General Counsel, regarding whether to relay DoD's opinions regarding logistics and timing of obligating funds at a more senior level, such as the Deputy Secretary of Defense, to provide greater weight to those opinions, as well as email exchanges between OMB and DoD regarding possible continuation of the apportionment (footnote) and the potential impacts of such a pause. These exchanges include references to communications involving the President, the Vice President, or his immediate advisors. (b)(6): personal information - The email addresses and phone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment [partial duplicate of Bates 002-004] |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 35 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 008 | Ukraine | 9/1/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchange between SECDEF Chief of Staff and DoD Comptroller regarding whether to relay DoD's opinions regarding logistics and timing of obligating funds at more senior level, such as the Deputy Secretary of Defense, to provide greater weight to those opinions. This exchange includes references to communications involving the President, the Vice President, or his immediate advisors. <br><br> (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 36 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 009 | Draft USAI Letter to OMB v2.docx | 8/28/2019 | DoD | (b)(5) | (b)(5): deliberative process privilege - The exempt information is a pre-decisional draft letter to OMB that was never sent and does not reflect final agency opinions or policy. |
| 37 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 010 - 012 | RE: POTUS follow up | 6/25/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Internal DoD email exchange discussing follow-up questions from the President and how to respond to those questions. The email exchange includes a specific reference to communications involving the President or his immediate advisors. <br><br> (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 38 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 013 - 014 | Ukraine | 9/5/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD Comptroller to Comptroller's office personnel and senior DoD officials, including the DoD's General Counsel, regarding OMB notification of another pending apportionment pause footnote and providing background information to aid deliberation in crafting DoD response to the notification. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD official, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 39 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 015 - 016 | Copy of USAI Award Matrix_31 August_2019_working copy.xlsx | 9/5/2019 | DoD | (b)(3) 10 USC 130c | (b)(3), 10 USC 130c: Spreadsheet tracking commitment and obligation dates of USAI funded equipment that includes sensitive information about Ukraine's national security needs, plans for acquisition of specific military goods with USAI funds, and associated estimated costs. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 40 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 017 | Ukraine Update | 8/21/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD Comptroller to Comptroller's office personnel and senior DoD officials, including the DoD's General Counsel, regarding OMB notification of another pending apportionment pause footnote and providing background information to aid deliberation in crafting DoD response to the notification. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD officials, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 41 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 018 - 019 | RE: Footnote | 8/7/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between DoD and OMB officials regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to conversations and advice provided by agency counsel. <br><br> (b)(6): personal information - The email addresses and telephone numbers of employees, including the names of junior DoD officials, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 42 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 020 | RE: Footnote | 8/6/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between DoD and OMB officials regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to conversations and legal advice provided by agency counsel. <br><br> (b)(6): personal information - The email addresses and telephone numbers of employees, including the names of junior DoD officials, have been withheld pursuant to agency practice to avoid undue risk of harassment. Partial duplicate of Bates 018-019. |
| 43 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 021 | Re: USAI | 9/7/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchange between OMB and DoD regarding possible continuation of the apportionment footnote <br><br> (b)(6): personal information - The email addresses of individual employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 44 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 022 - 023 | RE: Footnote | 9/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchanges between OMB and DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause. These exchanges include references to communications involving the President or this immediate advisors. <br><br> (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 45 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 024 | RE: Footnote | 9/11/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchanges between OMB and DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to conversations and legal advice provided by agency counsel.<br><br>(b)(6): personal information - The email addresses of individual employees have been withheld pursuant to agency practice to avoid undue risk of harassment. Partial duplicate of Bates 22-23 |
| 46 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 025 | Re: SD COA | 9/1/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege - Eemail exchange between DoD Comptroller and SecDef Chief of Staff regarding possible courses of action SecDef ("SD COA" as referenced in email subject line) could take regarding USAI pause situation, including references to conversations and legal advice provided by agency counsel as well as communications involving the President, the Vice President, or his immediate advisors. Partial duplicate of Bates 063.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 47 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 026 | FW: Agreed TPs | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email communications regarding proposed DoD-OMB joint talking points developed by agency counsel that were debated and not released.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 48 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 027 | RE: USAI Letter to OMB (Revised) | 8/27/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 49 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 028 | USAI Letter to OMB (Rev.).docx | 8/27/2019 | DoD | (b)(5) | (b)(5): deliberative process privilege - The exempt information is a pre-decisional draft letter from the Deputy SecDef to the Acting Director of the Office of Management and Budget that the Deputy did not send to the Acting Director; it does not reflect final DoD opinions or policy. |
| 50 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 029 | RE: USAI Letter to OMB (Revised) | 8/27/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 51 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 030 - 033 | Re: Any news? | 8/19/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between DoD and OMB regarding possible implications of continuing USAI and the nature of the obligation process. The email exchange reflects legal advice provided by OMB's Office of General Counsel. (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 52 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 034 | Re: Apportionment | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between OMB and DoD regarding draft apportionment footnote and the potential impacts of such a pause, including references to seeking legal advice on particular issues. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 53 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 035 - 037 | Re: USAI | 8/11/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchange between OMB and DoD regarding the possibility of continuing the USAI apportionment footnote and the potential implications of such a pause. (b)(6): personal information - The email addresses of individual employees, including the names of junior DoD employees, have been withheld pursuant to agency practice to avoid undue risk of harassment. Partial duplicate of Bates 106-08 from December 12 release. |
| 54 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 038 - 039 | RE: USAI | 7/30/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between OMB and DoD regarding the draft footnote apportionment that includes references to communications with OMB's Office of General Counsel. (b)(6): personal information - The email addresses of individual employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 55 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 040 | Ukraine Foreign Assistance | 7/25/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 56 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 041 | Ukraine Funding Follow-up | 7/2/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email from OMB to DoD about the status of funding for Ukraine, including references to communications involving the President or his immediate advisors. (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

CPI v. DoD, No. 19-3265 (D.D.C.)

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 57 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 042 - 043 | FW: POTUS follow up | 6/24/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Internal DoD email exchange discussing follow-up questions from the President that includes a specific reference to communications involving the President or his immediate advisors.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 58 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 044 - 046 | RE: Pentagon to send $250M in weapons to Ukraine | 6/20/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 59 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 047 - 19 048 | Re: Pentagon to send $250M in weapons to Ukraine | 6/20/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 60 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 049 | Re:Year End | 10/1/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Non-germane reference to the congressional committee that was the last (of four committee) responder on approvals for unrelated US Air Force funding, which is non-public and implicates the nature of the process for congressional DoD funding approvals.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 61 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 050 | Ukraine | 9/12/2019 | DoD | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 62 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 051 - 052 | RE: Ukraine TPs | 9/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email communications regarding proposed DoD-OMB joint talking points that were debated and not released.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 63 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 053 - 054 | Re: Footnote | 9/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchanges between OMB and DoD regarding possible continuation of the apportionment footnote, including references to communications involving the President or his immediate advisors.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment.  Partial duplicate of Bates 023. |
| 64 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 055 - 19 057 | Re: Footnote | 9/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchanges between OMB and DoD regarding possible continuation of the apportionment footnote, including references to communications involving the President or his immediate advisors.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment.  Partial duplicate of Bates 023, 053-54. |

**Vaughn Index**

**CPI v. DoD, No. 19-3265 (D.D.C.)**

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 65 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 058 | Ukraine | 9/10/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD Comptroller to Deputy Chief of Staff with copy to DoD General Counsel and other senior lawyers seeking legal advice and policy options on how DoD and specifically DSCA should proceed given continuing USAI hold. (b)(6): personal information - The email addresses of individual employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 66 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 059 - 19 060 | Re: USAI Status and Update Plan | 9/11/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege -Email exchanges between OMB and DoD regarding the apportionment footnote and the potential impacts of such a pause, including references to communications among the attorneys as well as communications involving the President or his immediate advisors. (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 67 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 061 | Re: USAI | 9/7/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchanges between OMB and DoD regarding the apportionment footnote and the potential impacts of such a pause (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 68 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 062 | RE: Ukraine | 9/5/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email exchanges between OMB and DoD regarding the apportionment footnote and the potential impacts of such a pause (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 69 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 063 | RE: SD COA | 9/1/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between DoD Comptroller and SecDef Chief of Staff regarding possible courses of action SecDef ("SD COA" as referenced in email subject line) could take regarding USAI pause situation, including references to conversations and legal advice provided by agency counsel. Partial duplicate of Bates 025. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

CPI v. DoD, No. 19-3265 (D.D.C.)

**Vaughn Index**

**CPI v. DoD, No. 19-3265 (D.D.C.)**

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 70 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 064 - 19 065 | RE: Agreed TPs | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email communications regarding proposed DoD-OMB joint talking points developed by agency counsel that were debated and not released. (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. Partial duplicate of Bates 026. |
| 71 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 066 | USAI | 8/26/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including discussion about advice from agency counsel. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 72 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 067 | RE: USAI | 8/26/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email between OMB and DoD regarding possible continuation of the apportionment footnote. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 73 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 068 | RE: USAI | 8/26/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email between OMB and DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to ongoing discussions by agency counsel on specific issues. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 74 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 069 - 19 075 | RE: Any news? | 8/20/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email between OMB and DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause. This email chain also reflects communications seeking and receiving legal advice from OMB's Office of General Counsel (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 75 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 076 | FW: Ukraine | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD Comptroller to senior DoD officials, including General Counsel, regarding state of play and possible policy options given USAI pause to date, forwarded to OMB. (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 76 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 077 | FW: Ukraine | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Duplicate of Bates 076 forwarded to two other DoD senior officials for informational purposes.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 77 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 078 | FW: Ukraine Foreign Assistance | 7/25/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email exchange between OMB and DoD reflecting consultations and communications with DoD's Office of General Counsel about the hold on funding to Ukraine.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 78 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 079 | RE: Ukraine Funding Follow-up | 7/2/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Emails exchange between OMB and DoD regarding questions about funding for Ukraine that include references to communications involving the President or his immediate advisors.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 79 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 080 | FY2019 USAI Tranches | 6/24/2019 | DoD | (b)(3) 10 USC 130c | (b)(3) 10 USC 130c: The protected information is exempt from disclosure per statute which pertains to sensitive information of foreign governments. In this instance, the information was provided by the government of Ukraine to the United States in confidence and is not to be released to the public. |
| 80 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 081 - 19 087 | FY19 USAI Vendor Information | 6/25/2019 | DoD | (b)(3) 10 USC 130c | (b)(3), 10 USC 130c: Sensitive information about Ukraine's national security needs, plans for acquisition of specific military goods with USAI funds, and associated estimated costs. Duplicate of 12 Dec 2019 release Bates 121-27. |
| 81 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 088 - 19 089 | Ukraine Security Assistance: U.S. Industry Benefits and International Burden-Sharing | | DoD | (b)(3) 10 USC 130c, (b)(6) | (b)(3) 10 USC 130c: Sensitive information concerning amount and type of military aid provided to Ukraine by US and allied countries<br><br>(b)(6): personal information - The name and phone number of a junior DoD official have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 82 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 090 - 19 092 | RE: POTUS follow up | 6/25/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Internal DoD email exchange discussing follow-up questions from the President that includes a specific reference to communications involving the President or his immediate advisors. Partial duplicate of Bates 010-12.<br><br>(b)(6): personal information - The email addresses of employees and the names of junior DoD personnel have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 83 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 093 - 19 094 | RE: POTUS follow up | 6/24/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Internal DoD email exchange discussing follow-up questions from the President that includes a specific reference to communications involving the President or his immediate advisors. Partial duplicate of Bates 010-12. (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 84 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 095 | USAI | 9/6/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 85 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 096 | Re: USAI | 9/5/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 86 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 097 - 19 098 | RE: update RE: 97-0100 O&M DW apportionment | 9/3/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email between OMB and DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause. (b)(6): personal information - The email addresses and telephone numbers of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 87 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 099 | Fwd: SIGNED: DoD Apportionment-Operation and Maintenance, Defense-wide [Apportionment sent to Agency after Approval from [REDACTED] | 9/12/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of individual employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 88 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 100 | USAI | 9/11/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 89 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 101 | USAI funds available for obligation | 9/12/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 90 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 102 | Updated 97-0100 O&M, Defense-wide apportionment | 9/5/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses and telephone numbers of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 91 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 103 | USAI another footnote extension | 9/7/2019 | DoD/OMB | (b)(6) | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemptions(s) |
|---|---|---|---|---|---|---|
| 92 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 104 | Re: USAI | 9/12/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email from DoD SecDef Chief of Staff to DoD senior officials regarding press guidance. The email includes a specific reference to a communication involving the President or his immediate advisors. Partial duplicate of Bates 136 from December 11, 2019 production. |
| | | | | | | (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 93 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 105 | RE: USAI latest apportionment footnote | 9/6/2019 | DoD | (b)(6) | (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 94 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 106 - 19 107 | Ukraine | 9/5/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email from DoD Comptroller to Comptroller's office personnel and senior DoD officials, including the DoD's General Counsel, regarding OMB notification of another pending apportionment pause footnote and providing background information to aid deliberation in crafting DoD response to the notification. Duplicate of Bates 013-14. |
| | | | | | | (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 95 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 108 - 19 109 | RE: From POLITICO - Trump slow-walks Ukraine military aid meant to contain Russia | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege, attorney-client privilege and presidential communications privilege - Email communications regarding proposed DoD-OMB joint talking points developed by agency counsel that were debated and not released. The email exchange also includes a specific reference to communications involving the President or his immediate advisors. Partial duplicate of Bates 026. |
| | | | | | | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 96 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 110 | RE: From POLITICO - Trump slow-walks Ukraine military aid meant to contain Russia | 8/29/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Email communications regarding proposed DoD-OMB joint talking points developed by agency counsel that were debated and not released. Partial duplicate of Bates 108-109. |
| | | | | | | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 97 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 111 - 19 112 | RE: [Non-DoD Source] Ukraine (USAI funding) | 8/27/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from DoD Comptroller to DoD senior officials regarding potential impact of USAI holds |
| | | | | | | (b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |

**Vaughn Index**

**CPI v. DoD, No. 19-3265 (D.D.C.)**

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 98 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 113 | FW: Ukraine | 8/12/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege and attorney-client privilege - Duplicate of Bates 077, which duplicates Bates 076, but forwarded to two other DoD senior officials for informational purposes.<br><br>(b)(6): personal information - The email addresses of employees have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 99 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 114 - 19 116 | RE: POTUS follow up | 6/24/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Internal DoD email exchange discussing follow-up questions from the President that includes a specific reference to communications involving the President or his immediate advisors. Duplicate of Bates 093-094.<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 100 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 117 - 19 119 | Comptroller 5 -15 for W/E 8/16/19 | 8/15/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI.<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 101 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 120 - 19 121 | Comptroller 5 -15 for W/E 8/23/19 | 8/22/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI.<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 102 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 122 - 19 123 | Comptroller 5 -15 for W/E 9/6/19 | 9/5/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI.<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 103 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 124 - 19 125 | Comptroller 5 -15 for W/E 9/13/19 | 9/12/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI.<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |

## Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 104 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 126 - 19 128 | Comptroller 5 -15 for W/E 9/20/19 | 9/19/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 105 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 129 - 19 131 | Comptroller 5 -15 for W/E 9/27/19 | 9/26/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - This is a weekly summary provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 106 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 132 | USAI Status | 7/30/2019 | DoD/OMB | (b)(5), (b)(6) | (b)(5): deliberative process privilege - Email from DoD regarding possible continuation of the apportionment footnote and the potential impacts of such a pause. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency policy to avoid undue risk of individual harassment |
| 107 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 133 - 19 136 | RAH for [REDACTED] (Final docs on USAI) | 8/16/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege and presidential communications privilege - Email exchange among senior DoD officials regarding briefing materials that also reference communications involving the President or his immediate advisors. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 108 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 137 - 19 138 | READ AHEAD FOR THE SECRERTARY OF DEFENSE | N/A | DoD | (b)(1) 1.4(d), (b)(5), (b)(6) | (b)(1): classified information regarding national security interests related to Ukraine <br><br> (b)(5): deliberative process privilege and presidential communications privilege - briefing materials and talking points prepared for SECDEF in anticipation of a meeting with the President or his immediate advisors. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 109 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 139 - 19 140 | [REDACTED] Ukraine Security Assistance | 8/19/2019 | DoD | (b)(1) 1.4(d), (b)(5), (b)(6) | (b)(1): classified information regarding national security interests related to Ukraine <br><br> (b)(5): deliberative process privilege and presidential communications privilege - briefing materials and talking points prepared for SECDEF in anticipation of a meeting with the President or his immediate advisors. <br><br> (b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |

CPI v. DoD, No. 19-3265 (D.D.C.)

# Vaughn Index

## CPI v. DoD, No. 19-3265 (D.D.C.)

| Doc. No. | Bates Number | Title | Date | Agency | Exemptions | Explanation of Withheld Information/Exemption(s) |
|---|---|---|---|---|---|---|
| 110 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 19 141 - 19 143 | Ukraine Deputies Small Group Readout July 26, 2019 | 7/29/2019 | DoD | (b)(1) 1.4(d), (b)(5), (b)(6) | (b)(1): classified information regarding national security interests related to Ukraine<br><br>(b)(5): deliberative process privilege - summary and discussions at Deputies' Small Group meeting and assessment of courses of action going forward relating to USAI<br><br>(b)(6): personal information - The email addresses of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |
| 111 | CPI v DoD 19-3265 (D.D.C.) 20 Dec 19 144 - 19 146 | Re: Ukraine Assistance Funding | 8/16/2019 | DoD | (b)(5), (b)(6) | (b)(5): deliberative process privilege - responses to SECDEF's August 16 inquiry of senior DoD staff regarding the status of USAI funding and staff response including forwarding of guidance from OMB, to inform SECDEF regarding prospective courses of action.<br><br>(b)(6): personal information - The email addresses and telephone numbers of employees, including the names of junior DoD personnel, have been withheld pursuant to agency practice to avoid undue risk of harassment. |