UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY,
    Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE,
    Defendant.

Civil Action No. 19-3265 (CKK)

**MEMORANDUM OPINON**
(August 6, 2020)

This case involves a Freedom of Information Act ("FOIA") request submitted by Plaintiff the Center for Public Integrity to Defendants the United States Department of Defense ("DOD") and the Office of Management and Budget ("OMB"). Pending before the Court are Defendants' Motion for Summary Judgment ("Defs,' Mot."), ECF No. 22, and Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Mot."), ECF No. 23. For the reasons below, the Court finds that in camera review of certain documents relating to Plaintiff's FOIA request and withheld under FOIA Exemption 5 is necessary to make a responsible de novo determination on the claims of exemption.

As the Court recounted in its November 25, 2019 Memorandum Opinion, Plaintiff submitted two FOIA requests. *See* Nov. 25, 2019 Memorandum Opinion, ECF No. 17. On September 25, 2019, Plaintiff requested from the DOD "[a]ll records reflecting any communication between Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's office and employees or officials of the Office of Management and Budget concerning the Ukraine Security Assistance Initiative." Compl., ECF No. 1, ¶ 7. Plaintiff also requested from the DOD "[a]ll records reflecting any communication between Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's office and Secretary of Defense Mark Esper or Deputy Secretary of Defense David

1

Norquist concerning the Ukraine Security Assistance Initiative." *Id*. And, on September 30, 2019, Plaintiff requested from the OMB "[a]ll records reflecting any communication between officials and employees of the Office of Management and Budget and the office of Defense Department acting comptroller Elaine McCusker or other officials within the comptroller's concerning the Ukraine Security Assistance Initiative." *Id*. at ¶ 12. Defendants' search returned approximately 120 documents totaling approximately 211 pages. The Court granted Plaintiff's motion for a preliminary injunction, ordering Defendants to process all responsive documents and to produce all non-exempt documents by December 20, 2019. *See* Nov. 25, 2019 Memorandum Opinion, ECF No. 17, 2.

Ultimately, Defendants made two productions of 292 pages, with redactions. Defs.' Statement of Material Facts as to which There is No Genuine Issue, ECF No. 22-1, ¶ 42. Following the first production, Plaintiff filed a motion to enforce the preliminary injunction, arguing that Defendants had violated the Court's preliminary injunction by improperly withholding information. ECF No. 19. The Court denied Plaintiff's Motion, explaining that the preliminary injunction applied only to the production of non-exempt information. ECF No. 20. The Court recognized that the issue of disputed exemptions would have to be litigated at a different time. That time has come.

As is relevant to the parties' Motions, Defendants have withheld portions of documents based on FOIA Exemptions 1, 3, 5, and 6. Plaintiffs have disputed many of those withholdings. The Court does not intend to resolve those disputes through this Memorandum Opinion. Instead, the Court has determined that it needs to view certain documents in camera in order to make a de novo determination on certain claims of exemption under FOIA Exemption 5.

Some background on Exemption 5 provides context for why in camera review is warranted in this case. Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To qualify [for this exemption], a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Over the years, it has been construed as protecting "those documents, and only those documents, normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). As is relevant to this case, available privileges include the attorney client privilege, the deliberative process privilege, and the presidential communications privilege. *Judicial Watch, Inc. v. U.S. Dep't of Defense* (*Judicial Watch II*), 913 F.3d 1106, 1109 (D.C. Cir. 2019). The Court has determined that in camera review is required for documents withheld under each of these privileges.

"FOIA provides district courts the option to conduct in camera review, but 'it by no means compels the exercise of that option.'" *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (internal citations omitted) (quoting *Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008)). In camera review is appropriate when such review is necessary for a district court "to make a responsible de novo determination on the claims of exemption." *Juarez*, 518 F.3d at 60 (internal quotation marks omitted). "When the agency meets its burden by means of affidavits, in camera review is neither necessary nor appropriate." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). But "affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Id*.

3

"[D]istrict courts possess broad discretion regarding whether to conduct in camera review." *Larson*, 565 F.3d at 870. In this case, making a responsible de novo determination of many of Defendants' FOIA Exemption 5 claims requires in camera review of the withheld information because Defendants have failed to "provide specific information sufficient to place the documents within the exemption category." *ACLU v. Dep't of Def.*, 628 F.3d 612, 626 (D.C. Cir. 2011) (internal quotation marks omitted).

Here, in addition to agency affidavits providing more general information, Defendants have submitted a *Vaughn* index providing an explanation of the withheld information for each document with redactions. ECF No. 22-3. In their Opposition, Defendants argue that in camera review is not necessary because Defendants' "declarations and *Vaughn* Index provide sufficiently detailed information about each document to place the withheld information within the claimed exemption category." Defs.' Opp'n, ECF No. 26, 30.

The Court disagrees. Agency affidavits and a *Vaughn* index are sufficient to justify summary judgment when they show, with reasonable specificity, why the redactions fall within the FOIA Exemption. "The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Hall v. CIA*, 881 F. Supp. 2d 38, 74 (D.D.C. 2012) (quoting *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980)). Here, many of the *Vaughn* index entries are insufficiently specific. And, the agency affidavits fail to provide additional specificity for many of the documents.

The Court will not provide a full description of each document with an inadequate *Vaughn* index notation for which in camera review is required. Instead, the Court shall provide a sampling of entries which are emblematic of the more widespread insufficiencies.

To begin, information in document 11 was redacted under FOIA Exemption 5's deliberative process privilege. The *Vaughn* index states only that the document is an "Email from DOD to OMB about the proposed footnote regarding the Ukraine apportionment." ECF No. 22-3. The agency affidavits do not provide more specific information about this document. With this limited information, the Court is not able to determine if the withheld information is deliberative and rightfully withheld under the privilege. Similarly, document 13 was withheld under FOIA Exemption 5's deliberative process and presidential communications privileges. The *Vaughn* index describes the document as "Email exchanges between DoD and OMB regarding possible continuation of the apportionment footnote and the potential impacts of such a pause, including references to communications involving the President or his immediate advisors." ECF No. 22-3. The agency affidavits do not provide more specific information about this document. And, with the generalities provided in the *Vaughn* index, the Court is unable to determine if the withheld information is deliberative as required by the deliberative process privilege or how the information was used by the President and his advisers for purposes of the presidential communications privilege. As another example, document 24 was withheld under FOIA Exemption 5's deliberative process and attorney client privileges. The *Vaughn* index describes this document as an "Email from OMB to DoD regarding USAI funding implications to aid OMB in its apportionment analysis, including legal implications and advice of counsel." ECF No. 22-3. Without additional specifics provided in agency affidavits, the Court is again unable to determine if the withheld information is truly deliberative or if the information is truly legal advice, as opposed to political or strategic advice, for purposes of the attorney client privilege. This problem is exacerbated by the fact that the *Vaughn* index does not identify the sender or the recipient of the information, further preventing the Court from being able to confirm that the withheld information is legal

advice from agency or related counsel. Finally, document 100 was withheld under the deliberative process privilege. The document is one of many "weekly summar[ies]" "provided by the Acting Comptroller to the Deputy SECDEF giving an overview of funding and related issues for military programs in progress, including information on items unrelated to USAI." *Id*. The agency affidavit provides some additional information about this and other withheld weekly summaries, stating that they are deliberative because "focusing [the Deputy Secretary of Defense's] attention is itself advice and making recommendations on what should be prioritized." ECF No. 22-3, ¶ 20. However, given that the *Vaughn* index describes the document as an "overview," this general statement fails to provide sufficient specificity as to each withheld weekly summary sufficient for the Court to conclude that the withheld information is deliberative as opposed to factual.

The Court has thus provided an overview of the deficiencies in Defendants' *Vaughn* index and agency affidavits as they relate to withholdings under FOIA Exemption 5's deliberative process privilege, attorney client privilege, and presidential communications privilege. While not every document withheld under FOIA Exemption 5 suffers from these deficiencies, a significant number do. As such, the Court finds it necessary to conduct an in camera review of specified documents in order to make a responsible de novo determination of the claims of exemption. For each of the listed documents, the Court needs to see only the information withheld under Exemption 5. Information withheld within those documents under other exemptions may remain redacted. The Court shall conduct an in camera review of the following documents: 8, 9, 11, 12, 13, 14, 15, 20, 21, 22, 23, 24, 25, 28, 30, 33, 34, 35, 38, 40, 41, 42, 43, 44, 45, 51, 52, 53, 54, 56, 60, 63, 64, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78, 82, 83, 86, 92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 111.

Prior to releasing this Memorandum Opinion, the Court contacted Defendants to determine the most appropriate way to view the requested documents given the restrictions of COVID-19. Defendants indicated that they will coordinate with the Court to arrange a date and time to deliver by hand the documents to be reviewed in camera. Following the release of this Memorandum Opinion and the accompanying Order, the Court shall contact Defendants to arrange a date and time for the delivery of the materials.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge